UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEREK MCKISSACK,

        Plaintiff,

        Case No. 1:18-cv-799

v.

        Honorable Robert J. Jonker

VAN BUREN COUNTY SHERIFF et al.,

        Defendants.

_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq*. The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), requires the Court to dismiss any prisoner action brought under federal law if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Van Buren County Sheriff and the unidentified psychiatrist. The Court will serve the complaint against Defendants Del Rosa and Ampy.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The events about which he complains, however, occurred at the Van Buren County Jail and at a facility Plaintiff identifies as "Jackson Prison."[1] (Compl., ECF No. 1, PageID.2.) Plaintiff sues the following officials working for the Van Buren County Jail, in their individual and official capacities: the Van Buren County Sheriff (who is not identified by name), Sergeant (unknown) Del Rosa, Officer Shawn Ampy, and an unidentified Psychiatrist. Plaintiff also sues an unidentified doctor at Jackson Prison.

Plaintiff alleges that he is an individual with mental and other disabilities who is prescribed several types of medication. He asserts that he receives "SSI" for his disabilities. (*Id.*)

In November 2015, while Plaintiff was confined at the Van Buren County Jail, he told Defendants Del Rosa and Ampy that he was "not feeling well." (*Id.*, PageID.3.) He asked them to call for medical services. They allegedly made fun of him, calling him "retarted" and ridiculing his speech. (*Id.*) They told him to lay down and take a nap. Plaintiff again told them that he "wasn't feeling well" and asked them to call medical services. (*Id.*) Again, they "made fun of [his] disabilities." (*Id.*) They also claimed that they would call for medical services; however, Plaintiff never received any medical attention or care.

The following morning, when Plaintiff was in line to receive his medication, he told Defendant Ampy that he was "feeling worse than before[.]" (*Id.*) Officer Ampy promised to speak

---

[1] It is not clear what prison facility Plaintiff is referring to because there are four different MDOC prison facilities in Jackson, Michigan. *See* MDOC Correctional Facilities Map, https://www.michigan.gov/documents/corrections/ MAP_CFA-REGIONS_AUG_24_2018_308644_7_630873_7.pdf. None of them are called "Jackson Prison" or have the word "Jackson" in their name.

with a nurse about it so that Plaintiff could be seen by the nurse, but that never happened. Plaintiff subsequently passed out and broke his shoulder. Plaintiff claims that his symptoms were caused by the "numerous medications that he was tak[ing]." (*Id.*) These medications were prescribed by an unidentified psychiatrist contracted by the Van Buren County Jail.

After Plaintiff received an x-ray, and officials discovered the break in his shoulder, an unidentified "Health Provider"[2] denied Plaintiff treatment for the shoulder, despite the fact that Plaintiff was in "extreme pain." (*Id.*) Plaintiff also alleges that a doctor at "Jackson" knew about his pain and suffering from the broken shoulder, but denied Plaintiff treatment. (*Id.*) Plaintiff contends that he underwent surgery for his shoulder in 2017, while he was incarcerated at "Adrian Prison."[3] (*Id.*)

Based on the foregoing, Plaintiff claims that all Defendants were deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments, and discriminated against him in violation of the ADA. He also asserts that they committed medical malpractice, negligence, discrimination, and "breach of duty" under state law. (*Id.*, PageID.5.)

As relief, Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] Plaintiff does not name the "Health Provider" as a separate defendant.
[3] Plaintiff may be referring to the Gus Harrison Correctional Facility in Adrian, Michigan.

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Defendants violated his rights under the Eighth and Fourteenth Amendments by failing to provide adequate medical assistance or care. The reason for Plaintiff's detention at the Van Buren County Jail is not clear. He may have been a detainee

4

awaiting trial rather than a convicted prisoner, but even so, pre-trial detainees are entitled to the same Eighth Amendment rights as prison inmates. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) ("[T]he eighth amendment rights of prisoners are analogized to those of detainees under the fourteenth amendment[.]"). Accordingly, the case law discussing the Eighth Amendment rights of prisoners applies to Plaintiff.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue was sufficiently serious. *Id.* In other words, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

6

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). In other words, he must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

1. Defendants Del Rosa & Ampy

Plaintiff fails to state an Eighth Amendment claim against Defendants Del Rosa and Ampy because he has not alleged facts from which to infer that he was suffering from a medical condition posing a serious risk of harm, or that Defendants were deliberately indifferent to such a risk. Plaintiff allegedly told them that he was not "feeling well," and the next morning he allegedly told Defendant Ampy that he was "feeling worse." Those complaints are too vague to suggest a serious medical need, and they would not have given Defendants reason to believe that he required immediate medical care. Thus, Plaintiff's allegations against Defendants Del Rosa and Ampy do not satisfy the objective or subjective components of an Eighth Amendment claim.

2. Psychiatrist

Plaintiff sues the unidentified psychiatrist who prescribed the medications that Plaintiff believes were the cause of his symptoms. Plaintiff does not state a claim against the psychiatrist, however, because he has not alleged any facts from which to infer that the psychiatrist was aware of Plaintiff's symptoms, or was aware of a substantial risk that Plaintiff would suffer serious harm as a result of the medications.

Furthermore, Plaintiff has not alleged a complete denial of care, or care that was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 605. On the contrary, Plaintiff alleges that he was being treated. Plaintiff apparently suffered some side effects from that treatment, but medication almost always poses a risk of some harm, and even under the best care, a patient will sometimes experience adverse effects from medication. The prescribing physician is not automatically liable for all harm stemming from those adverse effects because the potential benefits from medication typically outweigh the risks. The Court will not second-guess the psychiatrist's judgment about the proper medication for Plaintiff in this case because nothing in the complaint suggests that the psychiatrist's care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller*, 408 F.3d at 819. Accordingly, Plaintiff does not state an Eighth Amendment claim against the psychiatrist.

3. Van Buren County Sheriff

Plaintiff contends that the Van Buren County Sheriff is responsible for the overall safety and well-being of the inmates at the county jail. Plaintiff does not allege any specific conduct by the sheriff. Plaintiff apparently sues the sheriff because of his supervisory role over other defendants.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that the sheriff engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

4. Doctor at Jackson Prison

Plaintiff alleges that an unidentified doctor at the Jackson Prison refused to provide treatment for Plaintiff's broken shoulder, even though he knew that Plaintiff was in pain. These allegations are sufficient to state an Eighth Amendment claim.

**B. ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "[T]he phrase 'services, programs, or activities' encompasses virtually everything a public entity does." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008). In order to establish a *prima facie* claim of discrimination under Title II of the ADA, Plaintiff must show that: "(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] was being excluded from

9

participation in, denied the benefits of, or subjected to discrimination under the program because of [his] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (footnote omitted).

The Court finds that Plaintiff states a colorable ADA claim involving Defendants Del Rosa and Ampy, because they allegedly denied Plaintiff's requests for medical care while making fun of his mental disabilities. Plaintiff does not state an ADA claim against the other Defendants, however. Plaintiff's assertion that the other defendants denied him medical treatment, or took any other action, because of his disability is wholly conclusory.

"[T]he proper defendant under a Title II claim is the public entity or an official acting in his official capacity. . . . Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Accordingly, the ADA claim against Defendants Del Rosa and Ampy survives only insofar as they are sued in their official capacities. They are not liable in their individual capacities.

III. <u>Supplemental Jurisdiction</u>

Plaintiff does not state a claim under federal law against the Van Buren County Sheriff or the unidentified psychiatrist who prescribed Plaintiff's medications. Accordingly, the federal claims against them will be dismissed. To the extent Plaintiff asserts any claims against these two defendants under state law, those claims will also be dismissed because the Court declines to exercise supplemental jurisdiction over them.

Generally, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917

(6th Cir. 1991). Accordingly, the state-law claims against the Van Buren County Sheriff and the unidentified psychiatrist will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the federal claims against Defendants Van Buren County Sheriff and the unidentified psychiatrist will be dismissed for failure to state a claim, and the state-law claims against these same defendants will be dismissed because the Court declines to exercise supplemental jurisdiction. In addition, the Court will dismiss the ADA claim against the unidentified doctor at Jackson Prison, and the § 1983 claim against Defendants Ampy and Del Rosa, for failure to state a claim. The Court will serve the complaint against Defendants Ampy and Del Rosa, solely with respect to the ADA and state-law claims. The Court will not serve the complaint against the doctor at Jackson Prison because the Court does not have sufficient information about that defendant to identify and locate him.

An order consistent with this opinion will be entered.


Dated: __September 10, 2018__       /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE